UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**REPUBLICAN PARTY OF LOUISIANA, et al.**,

        Plaintiffs,

        v.

**FEDERAL ELECTION COMMISSION**,

        Defendant.

Case No. 15-cv-01241 (CRC-SS-TSC)

**OPINION AND ORDER**

The Republican Party of Louisiana and two local party committees filed suit on August 3, 2015, seeking to invalidate certain portions of the Bipartisan Campaign Reform Act of 2002 ("BCRA"), and simultaneously filed an application to have the case heard before a three-judge court. The Court granted Plaintiffs' application on November 25, 2015 and entered a scheduling order, which the parties had mutually proposed, setting January 29, 2016 as the close of discovery. On January 8, 2016, Plaintiffs noticed a deposition of the Federal Election Commission ("FEC") under Federal Rule of Civil Procedure 30(b)(6), which provides for the deposition of "a governmental agency." On January 28, 2016—the day before discovery was set to close—the FEC moved for a protective order and to quash the deposition notice on several grounds. Because the Court finds the proposed deposition to be unduly burdensome to the FEC in light of the limited evidentiary value of the information sought, the Court will grant the FEC's motion and quash the deposition notice.

I. **The Dispute**

Plaintiffs propose to have the FEC's 30(b)(6) witness or witnesses testify as to 33 Matters for Examination. Specifically, Plaintiffs seek testimony on "[a]ny incidents or evidence of CORRUPTION of a federal candidate resulting from" the types of activities in which Plaintiffs seek to engage; evidence of quid pro quo exchanges by Presidents Bill Clinton and George W. Bush and the Republican and Democratic National Committees; evidence of public opinion regarding the causes of the appearance of quid pro quo corruption; studies the FEC has relied on to determine what kind of election spending poses a risk of corruption; records of state or local party committees that have established federal accounts or so-called Levin Funds accounts; empirical evidence of the impact of BCRA on state or local party committees; the use of nonfederal and federal money by political party committees; and a few additional matters. See Pls.' Ex. C (LAGOP's 30(b)(6) Dep. Notice & Topics), ECF No. 30-4. The FEC takes the position that it should not have to provide a 30(b)(6) witness and moves for a protective order under Rule 26(c), which allows a court, "for good cause, [to] issue an order to protect a party or person [against whom discovery is sought] from annoyance, embarrassment, oppression, or undue burden or expense."

II. **The Parties' Arguments**

The FEC offers three main arguments in support of its motion to quash. First, it contends that "[t]he deposition notice is improper because it purports to set a date"—February 4, 2016—"outside of the period the Court has set for discovery." Def.'s Mot. Quash 7. As Plaintiffs note, however, the parties in early January discussed possible February deposition dates, including for the deposition of the FEC's expert witness, Professor Jonathan Krasno. Plaintiffs also noticed the 30(b)(6) deposition on January 8, 2016—well before the close of discovery. The advance

2

notice and the FEC's amenability to conducting depositions following the January 29 close of discovery make its timeliness argument unpersuasive.

 Second, the FEC insists that the deposition should "be disallowed because plaintiffs' own conduct and representations suggest that its primary purpose is to oppress and inflict undue burden on the FEC while it prepares its defense of this case." Id. at 8.  This argument fares better.  As the FEC observes, Plaintiffs initially represented to the Court that they believed "'[d]iscovery [to be] unnecessary in this case (and should be denied if requested)' because" their suit involves "'a simple fact pattern' and '[t]he issues are legal.'" Def.'s Mot. Quash 4 (quoting Pls.' Mot. Expedite 3).  Perhaps even more telling than those representations, Plaintiffs on February 11, 2016—before the resolution of the motion to quash—filed their motion for summary judgment, citing *no* discovery obtained from the FEC to date.  "That filing," the FEC claims, "confirms what plaintiffs said until opposing this motion, namely that they do not require discovery in order to present their case." Def.'s Reply 2.  Plaintiffs respond that "[d]iscovery is a two-way street," Pls.' Opp'n 5, insisting that they need this deposition to obtain evidence relevant to their central contention in this case: "that the challenged [BCRA] provisions are not justified by the sole governmental interest, i.e., preventing narrowly defined quid-pro-quo corruption," id. at 4.  Given, however, that Plaintiffs' written discovery requests largely overlap with their proposed 30(b)(6) matters for examination, compare Def.'s Ex. 3 (FEC's Responses to First Set of Disc. Reqs.), with Def.'s Ex. 4 (LAGOP's 30(b)(6) Dep. Notice & Topics), and that Plaintiffs have not seen a need to reference the FEC's written responses in their motion for summary judgment, the Court hesitates to credit Plaintiffs' brand-new representation that a 30(b)(6) deposition is "pivotally important," Pls.' Opp'n 10.

Third, the FEC argues that the particular proposed deposition topics are improper for a host of reasons: they are overbroad and burdensome; they ask about instances of "corruption," which the FEC does not directly regulate; they seek a distillation of already-public information; they seek access to FEC counsel's work product; they are cumulative with the written discovery already served; and they generally seek information disproportionate to its evidentiary utility. Def.'s Mot. Quash 10–15.  Plaintiffs counter the FEC's arguments primarily by pointing to an order issued by a three-judge panel in McConnell v. FEC, Civ. No. 02-582 (CKK, KLH, RJL), which largely denied the FEC's motion for a similar protective order nearly fourteen years ago. In that case, the FEC moved to quash a 30(b)(6) deposition notice—involving similar topics—that it also considered to be unduly burdensome and duplicative of written discovery requests. The Court rejected "the FEC's assertion that the documentary evidence it ha[d] produced should be deemed an adequate substitute for a 30(b)(6) deposition" as "contrary to the purpose behind such depositions and inconsistent with sound litigation practice."  Pls.' Ex. A (Order Denying in Part FEC's Motion to Quash) 7.  The Court further found the following three categories of topics to be germane to the questions presented in that case and appropriate for deposition:

- Topics Seeking to Elicit the Identification of the Government Interests BCRA Allegedly Furthers and Those Former Federal Officials and Members of Congress Identified Therewith

- Topics Seeking Evidence Relating to the Financial Impact of BCRA on Federal, State, and Local Political Processes

- Topics Concerning the Effectiveness of BCRA in Addressing the Problems Sought to be Cured

Id. at 8–9, 11. Even if the FEC's representative "does not have firsthand knowledge of the information sought," id. at 7–8, the Court explained, "[i]f the FEC knows of existing empirical, or nonempirical, evidence" on point, "it is not particularly burdensome to identify it to

4

plaintiffs," id. at 10.  Moreover, "if the FEC has not collected the type of studies and/or data requested," the "discussion will be, at most, perfunctory," and any burden on the FEC would be "nonexistent," id. at 11–12.

The analysis by the McConnell three-judge court implies that the burden on the FEC from preparing for and undergoing a 30(b)(6) deposition in this context is not particularly heavy. It does not, however, support the position that *these* plaintiffs have a need for discovery that outweighs the burden, whatever it may be, on the FEC.  As an initial matter, Plaintiffs are litigating this case with the benefit of the "voluminous record in McConnell" already compiled. Def.'s Mot. Quash 13.  Their claim, moreover, is not based on a change in the facts or circumstances since the Supreme Court decided McConnell, but rather on a change in *law*— namely, the Court's decisions in Citizens United v. FEC, 558 U.S. 310 (2010), and McCutcheon v. FEC, 134 S. Ct. 1434 (2014).  For this reason, these plaintiffs characterized the issues in this case as legal, represented that discovery would be unnecessary, and filed a summary judgment brief without citing to any written discovery produced to date by the FEC.  None of that was true in McConnell.  As a result, the Court finds that Plaintiffs' proposed 30(b)(6) deposition would be unduly burdensome to the FEC because the discovery sought is disproportionate to its potential evidentiary utility and to the needs of the case.  Therefore, it is hereby

**ORDERED** that Defendant's [30] Motion for a Protective Order and to Quash the Notice of Deposition be **GRANTED**.  It is further

**ORDERED** that the notice of the Rule 30(b)(6) deposition of the Federal Election Commission be **QUASHED**.  It is further

5

**ORDERED** that Plaintiffs' [37] Motion for Extension of Time to Complete Discovery be **DENIED AS MOOT**.

CHRISTOPHER R. COOPER
United States District Judge

Date:   March 29, 2016